IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| KARL LYNN SHACKELFORD, § | | |
| *also known as* § | | |
| KARL LYNN MCGEE § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | 2:11-CV-7 | |
| § | | |
| RICK THALER, § | | |
| Director, Texas Dep't of Criminal Justice, § | | |
| Correctional Institutions Division, § | | |
| § | | |
| Respondent. § | | |

**REPORT AND RECOMMENDATION TO
DISMISS PETITION FOR WRIT OF HABEAS CORPUS and
<u>DENY MOTION TO PROCEED *IN FORMA PAUPERIS*</u>**

Petitioner KARL LYNN SHACKELFORD has filed with this Court a petition for a writ of habeas corpus challenging a disciplinary proceeding which resulted in the loss of sixteen days of good-time credit. On January 10, 2011, the District Court entered an Order imposing sanctions upon petitioner. Specifically, the Court imposed a $100.00 sanction in cause numbers 2:10-CV-249, 2:10-CV-250, and 2:10-CV-251. Under the Court's Order in each of these three listed cases, petitioner is barred from filing any more litigation, either pursuant to civil rights or habeas corpus statues, until he pays the monetary sanction. The Orders are based upon this Court's December 13, 2010 Report and Recommendations in each case, which recommended the imposition of the sanction.

Petitioner signed the instant petition on January 3, 2011. At the time he sent in the petition, the Court's Report and Recommendations to impose sanctions and prohibit petitioner from filing further pleadings had been outstanding for twenty-one days, which was over one week past the filing deadline

HAB54\DISCIP\R&R\Shackelford-7.dsms.sanctions: 3

for any objections to the Report and Recommendations. Petitioner, in fact, never filed objections to any of the three Report and Recommendations. Considering that petitioner was on notice this Court had recommended he be barred from filing further suits until he paid sanction fees in three different cases, it appears petitioner did not file the instant case in good faith.

Even if the three pending sanctions were not a factor, petitioner should be prohibited from proceeding *in forma pauperis* (ifp). The data sheet attached to his ifp application indicated he had $200.00 deposited into his account between July 2010 and December 2010. Petitioner had in his possession the funds necessary to pay for the $5.00 filing fee in this case. He does not qualify for pauper status.

As a final note, petitioner did not employ the required habeas corpus form when filing this case. In October 2010, petitioner filed with this Court four handwritten pleadings construed as habeas corpus petitions. As in the instant case, none of the four October 2010 pleadings were written on or substantially followed the habeas corpus form, as required by rule 2(d) of the Federal Rules Governing Section 2254 Cases. In all four cases, the Court informed petitioner of the requirement that all habeas corpus petitions be filed using a specific form and gave petitioner a copy of the form in each case. *Shackelford v. Thaler*, cause numbers 2:10-CV-249, 2:10-CV-250, 2:10-CV-251, 2:10-CV-252. The instant pleading is now petitioner's fifth "free form" habeas corpus petition, less than three months after the Court told him such pleadings must be filed in accordance with federal rules. Petitioner's continued and knowing refusal to submit his pleadings in compliance with the federal rules warrants dismissal.

Also, it appears by the petition in this case that the main relief petitioner seeks is monetary damages. Such damages are not possible in a habeas corpus case. Petitioner has accrued four strikes for filing frivolous lawsuits under 28 U.S.C. § 1915(g). *Shackelford v. State District Attorney*, 6:07-CV-392 (E.D. Tex. dsms'd Oct. 5, 2007)*; Shackelford v. J.B. Smith, et al.*, 6:07-CV-442 (E.D. Tex. dsms'd Apr. 9, 2008)*; Shackelford v. TDCJ-ID Neal Unit*, 2:07-CV-163 (N.D. Tex. dsms'd June 12, 2008)*;*

*Shackelford v. Kyle, et al.*, 2:08-CV-152 (N.D. Tex. dsms'd Oct. 9, 2008). It appears petitioner is seeking to circumvent the bar against him from proceeding in civil rights by filing the instant habeas corpus petition seeking monetary damages. A claim for monetary damages is not cognizable in a federal habeas corpus petition.

RECOMMENDATION

It is the RECOMMENDATION of the undersigned United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner KARL LYNN SHACKELFORD be DISMISSED without prejudice pursuant to the Court's sanction orders in cause number 2:10-CV-249, 2:10-CV-250, and 2:10-CV-251 and his application to proceed ifp be DENIED.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 11th day of January, 2011.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

\* **NOTICE OF RIGHT TO OBJECT** \*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).